United States District Court
Southern District of Texas
**ENTERED**
June 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America *ex rel.* Charles Glover and Reynaldo Solano, *Plaintiffs*, v. Cardiac Imaging, Inc. and Sam Kancherlapalli, *Defendants*. | § § § § § § § § § § § | Civil Action H-20-3472 |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 45. Pending before the court are the United States' Motion to Dismiss Relators' Qui Tam Complaint, ECF No. 43; Relators' letter motion seeking a determination that this case was first filed, ECF No. 41;[1] and Relators' letter motion requesting that the court allocate part of a settlement in favor of Relators, ECF No. 46. The court recommends that the United States' motion to dismiss be **GRANTED** and that Relators' motions be **DENIED**.

### 1. Background

Relators Charles Glover and Reynaldo Solano brought this qui tam action in 2020 under the False Claims Act "to recover funds Defendants [Cardiac Imaging, Inc. and Sam Kancherlapalli] have defrauded from the Government run healthcare program known as Medicare." ECF No. 1 at 1. In 2018, before Relators filed the instant action, Lynda Pinto filed a qui tam action under the False Claims Act raising many of the same allegations against

---

[1] The letter was not filed as a motion, but the court treats it as such.

Cardiac Imaging and Kancherlapalli. *See United States ex rel. Pinto v. Cardiac Imaging, Inc*, No. 18-cv-2674 (S.D. Tex. filed Aug. 3, 2018) ("*Pinto*").

Because some of Relators' claims are the same as those raised in the *Pinto* case, and because Pinto was the first to file suit, the United States and Relators—then represented by counsel—filed a Joint Notice of Voluntary Dismissal, ECF No. 32. In the notice of dismissal, Relators stated that they:

> hereby give notice of the voluntary dismissal with prejudice to them of claims in this action against Cardiac Imaging, Inc. (CII) and Sam Kancherlapalli <u>that were first alleged in an earlier *qui tam* action</u>, *United States ex rel. Pinto v. Cardiac Imagining, Inc. et al.*, Case No. 18-cv-2674 (S.D. Tex. filed Aug. 3, 2018) (UNDER SEAL), and that United States has settled <u>with the first-in-time relator, Pinto</u>, and with those defendants.

ECF No. 32 at 1 (emphasis added). Based upon the joint notice, the court ordered that:

> the claims in this action for the Covered Conduct of Defendants Cardiac Imaging, Inc. and Samuel [Kancherlapalli] set forth in the Joint Notice of Voluntary Dismissal, [ECF No. 32,] which were first asserted in *United States ex rel. Pinto v. Cardiac Imagining, Inc. et al.*, Case No. 18-cv-2674 (S.D. Tex. filed Aug. 3, 2018) (UNDER SEAL), are settled and dismissed with prejudice to Relators Glover and Solano. . . . Relators' remaining claims are not dismissed.

ECF No. 34 at 1. Thus, the parties voluntarily dismissed those claims in this case that overlapped with Pinto's claims (based on the Covered Conduct) but left intact those claims that did not. The United States elected not to intervene with respect to the remaining claims. ECF No. 31 at 2.

2

Relators' counsel have withdrawn from the case. ECF No. 36; ECF No. 39. Relators have sought but have been unable to obtain new counsel. ECF No. 41 at 2 (Glover's January 26, 2024 letter stating "[n]o law firm will take our non-intervened case"); ECF No. 47 at 1 (March 8, 2024 response to motion to dismiss stating that "no law firm will take our case"). The United States, having declined to intervene in the remaining claims, now seeks dismissal of Relators' remaining claims because they cannot proceed pro se on behalf of the United States. ECF No. 43.

Despite their prior concessions and voluntary dismissal with prejudice, Relators now ask the court to hold that they, rather than Pinto, are the first-to-file. ECF No. 41 at 1–2; ECF No. 46 at 1. Relators also seek an "equitable distribution" of the $85 million settlement reached in *Pinto*. ECF No. 41 at 3; ECF No. 46 at 2. The court construes Relators' motions as requests to reconsider the court's prior order, ECF No. 34, which dismissed with prejudice all claims involving the Covered Conduct in this case that had been first filed in the *Pinto* case.

Because Relators cannot proceed pro se in this case, the court recommends that the claims remaining in the case be **DISMISSED WITHOUT PREJUDICE**. Because Relators have not shown that reconsideration of the court's prior dismissal order is appropriate, the court recommends that Relators' letter motions, ECF Nos. 41, 46, be **DENIED**.

### 2. Discussion

#### A. The Government's Motion to Dismiss

The False Claims Act allows private persons to bring an action "for the person and for the United States Government . . . in the name of the Government." 31 U.S.C. § 3730(b)(1). When a private person brings such an action, he must be represented by counsel. "[R]egardless of the right of anyone to represent himself

3

*pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se.*" *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017) (affirming district court's dismissal of action when relator failed to obtain representation by a licensed attorney). Relators agree that they cannot proceed pro se in a qui tam action wherein the government has not intervened. ECF No. 41 at 2 ("[W]e are unable to proceed pro se with a non-intervened case."). Because Relators are not represented by counsel, the United States' Motion to Dismiss should be granted and the remaining claims in this case should be dismissed without prejudice.

### B. Relators' Request for Reconsideration

In their letter motions, Relators seek both a determination that this case was the first filed and a distribution of the settlement reached in the *Pinto* case. ECF Nos. 41, 46. Because Relators already agreed to dismiss their claims that overlapped with those brought in the *Pinto* case, ECF No. 32, and because the court already dismissed those claims with prejudice, ECF No. 34, Relators' instant motions are construed as seeking reconsideration of the court's prior order.

Rule 54(b) provides that interlocutory orders—which "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties"—may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Interlocutory orders and judgments are "left within the

4

plenary power of the court that rendered them to afford such relief from them as justice requires." *Zimzores v. Veterans Admin.*, 778 F.2d 264, 267 (5th Cir. 1985) (quoting 7 Moore's *Federal Practice* ¶ 60.20 at 60–170 (2d ed. 1985)).

Relators have not demonstrated that the court's dismissal of the claims based on Covered Conduct was the product of legal or factual error or otherwise improper. Instead, Relators complain about: (1) the United States' alleged non-compliance with protocols for unsealing their qui tam complaint and other sealed materials in this case; and (2) the United States' purportedly unfair use of Relators' complaint to gain leverage in settling the *Pinto* action. *See* ECF No. 41 at 2; ECF No. 46 at 3–6; ECF No. 47 at 1. These arguments are red herrings and are insufficient to warrant reconsideration of the court's prior order. Recognizing that Pinto was the first in time to bring suit, Relators themselves requested dismissal of the overlapping claims. ECF No. 32. Relators do not argue that they or their lawyers were mistaken about the law or the facts that led them to file the notice of dismissal. Dismissal with prejudice as to the claims based on Covered Conduct was proper.

To the extent Relators seek to reverse their prior position and now argue that they were first to file, Relators are mistaken about the first-to-file rule and its application to their Complaint in this case. Once a qui tam action is brought, no other person may bring "a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5); *see also U.S. ex rel. Branch Consultants v. Allstate Ins.*, 560 F.3d 371, 377 (5th Cir. 2009) (quoting § 3730(b)(5)). Section 3730(b)(5)'s bar, known as the first-to-file bar, is jurisdictional and applies "as long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action." *Branch Consultants*, 560 F.3d at 378. A subsequent relator cannot avoid

5

the first-to-file bar by "simply adding factual details or geographic locations to the essential or material elements of a fraud claim against the same defendant described in a prior complaint." *Id.* This is because "once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds." *Id.* (quoting *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d. Cir. 1998)).

By virtue of the notice of voluntary dismissal, ECF No. 32, and the court's dismissal order, ECF No. 34, the court parsed the claims in this case into two parts—those that are based on the Covered Conduct (and settled in the *Pinto* case), and those that are not. The court has reviewed the complaint in the *Pinto* case and concludes that it does much more than cite generally to a fraud scheme. *See Pinto*, ECF No. 1 at 2–3, 19–37. Pinto alleged very specific facts from which the government had sufficient information to discover the rest of the details of the fraud. Because Pinto filed her Complaint before Relators, she was first to file. Accordingly, with respect to claims based on Covered Conduct, Relators were not first to file and are not entitled to any part of the *Pinto* settlement.

Relators equate this case to *United States v. Millenium Labs, Inc.*, 923 F.3d 240 (1st Cir. 2019), in which the First Circuit deemed a second-in-time filer to be first-in-time. The First Circuit reasoned that the first filer had only generally alleged the fraud, but that the second filer had included allegations showing the "actual mechanism" and other "essential elements" of the fraud. *Id.* at 253–54. Again, the court has reviewed Pinto's complaint and concludes that she did much more than make general allegations. She gave the government all the facts necessary to discover the fraud. Relators have failed to explain why the allegations in their Complaint would entitle them to first-to-file status.

Relators further argue that, because they are first to file the claims remaining in the case, they are also first to file the claims based on Covered Conduct. The court disagrees. The parties and the court agreed to parse the claims into two categories. While Relators may be first to file as to those claims remaining in the case, that does not mean they are bootstrapped into first-to-file status as to claims based on the Covered Conduct.

Reconsideration of the court's dismissal order, ECF No. 34, is not warranted. Relators' letter motions should be denied.

### 3. Conclusion

The court recommends that Relators' motions, ECF Nos. 41, 46, be **DENIED**, that the United States' Motion to Dismiss Relators' Qui Tam Complaint, ECF No. 43, be **GRANTED** and that the claims not based on Covered Conduct be **DISMISSED WITHOUT PREJUDICE.**

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on June 4, 2024.

_____
Peter Bray
United States Magistrate Judge